IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANEESHA SKINNER, Individually and as Personal Representative of the Estate of SEYQUAN LEON OLIVER 237 14th Street, NE Washington, DC 20002 | : : : : : : |
| Plaintiffs | : : |
| vs. | : : Case No. _____ |
| THE UNITED STATES OF AMERICA | : : |
| SERVE: | : : |
| Alberto Gonzales, Esquire Attorney General of the United States United States Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 | : : : : : : : |
| and | : : |
| Kenneth L. Wainstein, Esquire United States Attorney for the District of Columbia **United States Attorney's Office** **555 4th Street, NW** **Washington, DC 20530** | : : : : : : |
| and | : : |
| UNITY HEALTH CARE, INC. 123 45th Street, N.E. Washington, DC 20019 | : : : : |
| SERVE: | : : |
| CT CORPORATION 1025 Vermont Avenue, NW Washington, DC 20005 | : : : : |
| Defendant | : |

………………………………………………………………..…………………………………..

1

## COMPLAINT

(Medical Negligence/Survival Action)

COMES NOW the Plaintiff, Taneesha Skinner, Individually and as Personal Representative of the Estate of Seyquan Leon Oliver, deceased, by and through counsel, Andrew E. Greenwald, Steven B. Vinick, Cary J. Hansel, Joseph, Greenwald & Laake, P.A., and Michael Wilson, M.D., J.D., and sues the Defendants, the United States of America and Unity Health Care, Inc., jointly and severally, and for cause, states as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction by virtue of 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671, *et. seq.*

2. The United States District Court for the District of Columbia is an appropriate venue under 28 U.S.C.§ 1391 (b)(2) and 28 U.S.C. § 1402(b) because it is where the events giving rise to this claim occurred.

### PARTIES

3. The Plaintiff, Taneesha Skinner, is an adult citizen of the United States and, at all times pertinent hereto, was a domiciliary of the District of Columbia. She is the surviving mother of Seyquan Leon Oliver, deceased (decedent). Plaintiff was appointed Personal Representative of the Estate of Seyquan Oliver, deceased, by the Superior Court of the District of Columbia Probate Division.

4. The Defendant, United States of America, based on information and belief, through the Secretary of Health and Human Services, granted funds to a clinic known as "The East of the River Clinic," located at 123 45th Street, N.E., Washington, DC, 20019.

5. The Defendant, Unity Health Care Inc., upon information and belief, is a United States Department of Health and Human Services grantee. The Secretary of Health and Human Services, through the Assistant Surgeon General, has deemed Unity Health Care, Inc. to be an employee of the federal government effective October 1, 1993 and, again, effective October 1, 1996 in accordance with 42 U.S.C. §§ 233(g) and (h). Accordingly, Unity Health Care, Inc., including its officers, governing board members, employees, and contractors (who are physicians or other licensed or certified health car practitioners working in certain areas of medicine, including obstetrical/gynecological services) are deemed to be employees of the Public Health Service and covered by the Federal Tort Claims. Act 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80. At all times relevant hereto, Unity Health Care Inc. was a federal grantee charged with providing medical care to patients at the East of the River Clinic.

## FACTS

6. Each Defendant is a health care provider to Plaintiff and Plaintiff's decedent, represented to her and to the public at large that they possessed the degree of skill, knowledge and ability ordinarily possessed by health care providers and those providing health care under the same or similar circumstances and owed a duty to Plaintiff, individually and to Plaintiff's decedent and the public at large to exercise the degree of care, skill and judgment exercised by clinics and/or physicians in like or similar circumstance by those providing medical services in like or similar circumstances in the care and treatment of the Plaintiff and the Plaintiff's decedent.

7. On information and belief, Defendant United States of America granted funds to Defendant Unity Health Care Inc. and deemed the company and its employees to be federal

employees for purposes of the Federal Tort Claims. Act. Thus, Defendant United States of America is liable for the negligent acts or omissions committed by Defendant Unity Health Care Inc., and all those found or deemed to federal employees, under the doctrine of *respondeat superior* as well as under the Federal Tort Claims Act.

8. The personal injuries and wrongful death at issue in this case were due to the negligent and wrongful acts and omissions of federal employees acting, at all relevant times, within the scope of their employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the acts and omissions occurred.

9. At all times relevant hereto, Unity Health Care Inc., its owners, agents, employees and assigns, were acting as federal employees for purposes of the Federal Tort Claims Act.

10. On December 22, 2003, the Plaintiffs, acting through counsel, timely filed an administrative claim under the Federal Tort Claims. Act, 28 U.S.C. §§ 1346(b), 2671-80 (1994), raising all claims asserted herein.

11. The aforesaid claim was denied on November 30, 2004 and reconsideration was timely requested, by the Plaintiffs, acting through counsel, on December 28, 2004.

12. On April 1, 2005, the Plaintiffs' request for reconsideration was denied and a final determination of the claim was made in writing pursuant to 28 U.S.C. § 2401(b).

13. This case is being filed less than six months after the final determination of the claim was made pursuant to 28 U.S.C. § 2401(b).

14. This claim pertains to the treatment of Taneesha Skinner and her fetus at the East of the River Clinic, 123 45th Street, N.E., Washington, D.C. 20019, by Unity Health

Care Inc. during the time period of January 2nd through March 15th, 2002, and, more particularly, February 11, 2002 through March 15, 2002.

15. During this time, the mother, Taneesha Skinner (Date of Birth ▬▬, ▬ Social Security Number ▬▬▬ was a patient at the Clinic. She may have been seen on or about the following dates as well as others:

> January 2nd, 2002
> January 9th, 2002
> February 11th, 2002
> February 15th, 2002
> February 16th, 2002 (visit at the Providence Hospital Emergency Room)
> March 1st, 2002
> March 15th, 2002 (membranes ruptured)

16. Unity Health Care Inc., upon information and belief, was charged with providing medical care to patients for the United States of America at East of the River Clinic

17. On or about January 29, 2001, Taneesha Skinner sought prenatal care at East of the River Clinic where she was seen by agents, servants, and/or employees of Unity Healthcare Inc.

18. On or about February 11, 2002, Ms. Skinner went to Providence Hospital for a sonogram, which sonogram showed that the maternal cervix was abnormal, that the internal os was dilated as was the endocervical canal. In addition, the cervix was short and there was funneling of the lower uterine segment.

19. A wet reading of the sonogram was given to Ms. Skinner to take to the East River Clinic.

20. Ms. Skinner went to the East River Clinic on February 11, 2002, and presented agents, servants, and/or employees of Unity Health Care Inc. with a copy of the wet reading

5

of the sonogram, at which time a Doctor M. Riley indicated there would be a consult with Mark Hathaway, MD.

21. On February 15, 2002, Ms. Skinner again went to the East of the River Clinic and met with Dr. Hathaway, where the results of the sonogram were discussed. No treatment was provided for Ms. Skinner's condition of incompetent cervix. She was advised to return in two weeks.

22. Ms. Skinner again returned to East of the River Clinic, seeing Dr. Hathaway, on March 1, 2002 and, again, no treatment was given. Ms. Skinner was advised to have another sonogram and return in four weeks.

23. A sonogram was performed at Providence Hospital on or about February 11th, 2002, which showed an open cervix. Dr. Mark J. Hathaway, an ob-gyn who saw patients at the clinic, failed to examine Ms. Skinner during the next visit of February 15th, 2002, and also the following visit on March 1st, 2002. Ms.. Skinner's membranes ruptured on or about March 15th, and Seyquan Oliver was born on March 18th, 2002.

24. Ms. Skinner attempted to have another sonogram performed at the Cardoza Clinic but was unable to have said procedure done as a result of the failure of the agents, servants, and/or employees at the Cardoza Clinic and/or Unity Health Care Inc. to provide appropriate and proper paperwork requests and authorizations for the sonogram and because, without said documents, the Cardoza Clinic refused to perform said sonogram.

25. On or about March 15, 2002, Ms. Skinner entered Providence Hospital where she was diagnosed with an incompetent cervix and subsequently prematurely gave birth to the decedent on March 18, 2002. The decedent, being significantly premature, subsequently became infected.

26. The minor child, Seyquan Oliver, was born at the Providence Hospital on or about March 18th, 2002, suffering from extreme prematurity.

27. The Decedent was transferred to the Children's Hospital National Medical Center, where he finally died on or about January 20, 2003.

28. There was negligence in the failure to recognize that Ms. Skinner had an incompetent cervix, the failure to act appropriately upon the sonogram results of February 11, 2002, including, but not limited to, putting a stitch in to prevent premature delivery, in the failure to give appropriate advice for incompetent cervix as well as preterm labor, the failure to appropriately treat the incompetent cervix, the failure to timely and appropriately follow up with respect to Ms. Skinner's condition, the failure to recognize and take appropriate action based upon the abnormal cervix as demonstrated on the sonogram of February 11, 2002, and the failure to take an appropriate history, as well as in committing other acts of negligence.

29. The care rendered at the East of the River Clinic between the approximate dates of February 11th, 2002, and March 18th, 2002 was below the applicable standard of care. This includes all care provided by Dr. Hathaway and Dr. Riley and Unity Health Care, Inc.

30. There was a negligent delay in diagnosing and treating Ms. Skinner's condition of incompetent cervix, which resulted in the premature birth and injury to Seyquan Oliver, including permanent brain damage.

31. There was a failure to appropriately examine Ms. Skinner after a sonogram at Providence Hospital showed that the cervix was open and/or other indications that there might be a premature birth and the results of that sonogram were communicated back to the East of the River Clinic, Unity Health Care, Inc and/or Dr. Hathaway.

32.     Dr. Monica Riley was negligent in that upon learning of the failure of Dr. Hathaway to examine Ms.. Skinner she should have examined her herself or referred her to another high risk pregnancy specialist.  Upon examination, treatment should have been instituted to enable the pregnancy to proceed longer than it did and avoid the damages from the premature delivery.

33.     There was a failure to do a follow-up sonogram in a timely manner, including making proper arrangements for the sonogram including, but not limited to, having and sending the appropriate paperwork, requests and authorizations as well as the failure of the Cardoza Clinic to perform the sonogram between approximately March 1 and March 14, 2002.  The failure to have this procedure done also prevented appropriate action from being taken to prevent the premature birth with the attendant damages below.

34.     There was negligence in failing to prevent the premature birth and/or the degree of prematurity, all of which caused severe damage as set forth below.

35.     There was negligence in failing to prevent the premature birth and/or the degree of prematurity, all of which caused severe damage as set forth below.

36.     The negligence of the Defendants directly and proximately caused the Plaintiffs severe permanent physical damage to Seyquan Oliver, as well as a loss of enjoyment of life, reduced earning capacity, emotional and physical pain and suffering and the need for extensive medical and other care, and the subsequent death of Seyquan Oliver. Taneesha Skinner has suffered physical and emotional pain and suffering and other expenses and damages not part of the normal parent-child relationship all as a result of the failures to comply with the standard of care as set forth above.  Taneesha Skinner and the Estate of Seyquan Oliver have suffered damages concerning wrongful death, and also damages

concerning survival actions. The negligence of the Defendants directly and proximately caused the Plaintiff/decedent severe conscious pain and suffering, hospitalized until his death on January 20, 2003, significant hospital and other related medical charges and bills as well as other damages all of which are appropriate and are claimed by Taneesha Skinner as Personal Representative of the Estate of Seyquan Oliver, deceased.

37.　As a direct and proximate result of the negligence of the Defendants, the adult Taneesha Skinner, individually, was caused to suffer severe mental and physical pain and suffering, become infected, undergo a premature delivery, and be forced to observe her child in a life-threatening situation prior to his death, as well as suffered other damages.

38.　The negligence of the Defendants directly and proximately resulted in severe permanent physical damage to Seyquan Oliver, as well as a loss of enjoyment of life, reduced earning capacity, emotional and physical pain and suffering and the need for extensive medical and other care, and the subsequent death of Seyquan Oliver. Taneesha Skinner and the estate of Seyquan Oliver have also suffered damages as a direct and proximate results of the Defendants' negligence, concerning wrongful death and survival actions.  Additionally, Taneesha Skinner has suffered physical and emotional pain and suffering.

## COUNT I
### (Medical Negligence)

39.　The allegations contained in the foregoing paragraphs are adopted and incorporated by reference as though fully set forth herein.

40.　The individual Plaintiff, Taneesha Skinner, brings this action against the Defendants, the District of Columbia, Unity Health Care, Inc. acting as agents, servants and employees of each other and individually, jointly, and severally, and states that as a direct and proximate result of the negligence of the defendants, the adult Plaintiff was caused to suffer

severe mental and physical pain and suffering, become infected, undergo a premature delivery, and be forced to observe her child in a life-threatening situation prior to his death as well as suffered other damages.

WHEREFORE, the Plaintiff, Taneesha Skinner, demands judgment against the Defendants, the District of Columbia and Unity Health Care, Inc., individually, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00), plus the costs of this action and interest against the Defendants and each of them.

## COUNT II
### (Survival Action)

41. The allegations contained in the foregoing paragraphs are adopted and incorporated by reference as though fully set forth herein.

42. Plaintiff, Taneesha Skinner, as Personal Representative of the Estate of Seyquan Leon Oliver, sues the defendants the District of Columbia and Unity Health Care, Inc., individually, jointly, and severally, as agents, servants and employees of each other and states that as a direct and proximate result of the negligence of the defendants, the decedent was caused to suffer severe mental and physical pain and suffering, become infected, undergo a premature delivery, and be forced to suffer in a life-threatening situation and enduring conscious pain and suffering prior to his death as well as other damages.

43. As a direct and proximate result of the negligence of the Defendants as aforesaid, the decedent was forced to suffer severe conscious pain and suffering, was hospitalized until his death on January 20, 2003, and has incurred significant hospital and other related medical charges and bills as well as other damages.

WHEREFORE, the premises considered, Taneesha Skinner, as Personal Representative of the Estate of Seyquan Leon Oliver, demands judgment against the

Defendants, the United States of America and Unity Health Care, Inc., individually, jointly and severally as agents, servants, and employees of each other, in the amount of Five Million Dollars ($5,000,000.00) plus the costs of this action and interest against the Defendants and each of them.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.


_____
Andrew E. Greenwald, # 34918
Steven B. Vinick, # 439359
Cary J. Hansel, # MD14722
6404 Ivy Lane # 400
Greenbelt, MD 20770
301.220.2200


MICHAEL M. WILSON & ASSOCIATES


_____
Michael M. Wilson, Esq. # 941674
1120 19th Street, N.W., Suite LL-11
Washington, DC 20036
Counsel for Plaintiff